# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NAJIMIAS-NACACH,<br><br>                Petitioner,<br><br>vs.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | CASE NO. 11-cr-225 – IEG<br>Related Case: 12-cv-2012 – IEG<br><br>**ORDER:**<br><br>**(1) DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>[Doc. No. 43]<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY** |

Presently before the Court is Petitioner David Najimias-Nacach ("Petitioner")'s motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. [Doc. No. 43.][1] Petitioner, a federal inmate proceeding *pro se*, seeks relief based on one claim of ineffective assistance of counsel. [Id.] For the reasons given below, the Court, after due consideration, **DENIES** Petitioner's motion to vacate, set aside, or correct his conviction and sentence.

## **BACKGROUND**

On January 19, 2011, Petitioner was charged by indictment with: (1) attempted reentry after deportation in violation 8 U.S.C. §§ 1326(a) and (b); and (2) assault on a federal officer in

---

[1] Unless otherwise indicated, the Court's citations are to filings in 11-cr-225.

1  violation of 18 U.S.C. § 111(a)(1). [Doc. No. 1.] On March 1, 2011, Petitioner pleaded guilty to
2  count one of the indictment without a plea agreement. [Doc. Nos. 9-10.] The Government
3  subsequently dismissed count two of the indictment. [Doc. No. 30.]

On July 5, 2011, the Court sentenced Petitioner to a term of imprisonment of 57 months and a three-year term of supervised release. [Doc. Nos. 30, 32.] Petitioner subsequently appealed his conviction and sentence, and on April 18, 2012, the Ninth Circuit affirmed the conviction and sentence. [Doc. Nos. 34, 42.] Petitioner alleges in his motion that on July 24, 2012, the Supreme Court denied his petition for writ of certiorari. [Doc. No. 43 at 1.]

By the present motion, Petitioner moves to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. [Doc. No. 43.] Petitioner claims that he was provided ineffective assistance of counsel in violation of his Sixth Amendment rights. [Id.] Specifically, Petitioner alleges that his counsel was ineffective because she failed to challenge the Court's jurisdiction to sit in judgment over his case. [Id. at 1-2.]

## **DISCUSSION**

### I.     Legal Standards for a § 2255 Motion

Section 2255 provides that a federal prisoner seeking relief from a custodial sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence" on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must allege a constitutional, jurisdictional, or otherwise "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (internal quotation marks omitted) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). "Errors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255." United States v. Wilcox, 640 F.2d 970, 973 (9th Cir. 1981).

"Unless the motion and the files and records of the case conclusively show that the

prisoner is entitled to no relief," the Court must hold an evidentiary hearing on the merits of a § 2255 motion. 28 U.S.C. § 2255(b). The Ninth Circuit has explained the "standard is essentially whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984) (per curiam). Therefore, an evidentiary hearing is unnecessary if the allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003) (internal quotation marks omitted).

**II.     Legal Standards for Ineffective Assistance of Counsel**

The Sixth Amendment guarantees criminal defendants the constitutional right to be represented by counsel at all critical stages of the prosecution. Turner v. Calderon, 281 F.3d 851, 879 (9th Cir. 2002). To prevail on a claim that his trial counsel rendered ineffective assistance, a petitioner must demonstrate that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 688-93 (1984). Under the performance prong of the Strickland test, the Court does not focus on whether counsel's advice was right or wrong, but whether that advice was within the range of competence demanded of attorneys in criminal cases. Turner, 281 F.3d at 881 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). There is a "strong presumption that counsel's conduct falls within the wide range of professional assistance." Strickland, 466 U.S. at 689. Under the prejudice prong, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

A petitioner must establish both deficient performance and prejudice in order to establish ineffective assistance of counsel. Strickland, 466 U.S. at 687; United States v. Olson, 925 F.2d 1170, 1173 (9th Cir. 1991). "Because failure to meet either prong is fatal to [a defendant's] claim, there is no requirement that [courts] 'address both components of the inquiry if the defendant makes an insufficient showing on one.'" Gonzalez v. Wong, 667 F.3d 965, 987 (9th Cir. 2011). The Supreme Court has recognized that "[s]urmounting Strickland's high bar is never an easy

task." Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010).

**III.    Analysis**

Petitioner argues that his counsel was ineffective because she failed to challenge the Court's jurisdiction to sit in judgment over his case. [Id. at 1-2.] "Under 18 U.S.C. § 3231, federal district courts have exclusive original jurisdiction over 'all offenses against the laws of the United States.'" United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008). Here, Petitioner was charged with two federal crimes, attempted reentry after deportation in violation 8 U.S.C. §§ 1326(a) and (b) and assault on a federal officer in violation of 18 U.S.C. § 111(a)(1). [Doc. No. 1.] Therefore, the Court had subject matter jurisdiction over Petitioner's case. See Marks, 530 F.3d at 810; United States v. Studley, 783 F.2d 934, 937 (9th Cir.1986).

Petitioner also appears to argue in his motion that his counsel should have challenged the constitutionality of 18 U.S.C. § 3231. However, Article III of the Constitution provides: "the judicial power of the United States" is "vested . . . in such inferior Courts as Congress may from time to time establish." U.S. CONST. art. III, § 1. In accordance with this provision, Congress conferred original jurisdiction on the district courts over federal criminal matters by enacting 18 U.S.C. § 3231. United States v. Delgado-Garcia, 374 F.3d 1337, 1341 (D.C. Cir. 2004). That Congress is able confer this judicial power on the district court is clear from Article III, section 2, of the Constitution, which provides: "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority." Petitioner argues that this provision does not apply to criminal cases. [Doc. No. 43 at 3-7.] However, the Supreme Court has explained that "[t]his provision embraces alike civil and criminal cases arising under the Constitution and laws." Tenn. v. Davis, 100 U.S. 257, 264 (1880) (citing Cohens v. Virginia, 19 U.S. 264 (1821)). Therefore, Petitioner's claim that 18 U.S.C. § 3231 is unconstitutional is frivolous. See Ozsusamlar v. United States, 2010 U.S. Dist. LEXIS 92942, at *4-5 (S.D.N.Y. Sept. 2, 2010) ("Petitioner's argument that this Court lacked subject matter jurisdiction over his case because 18 U.S.C. § 3231, which confers jurisdiction on the district courts in such cases, is unconstitutional, is meritless.").

In sum, the Court had subject matter jurisdiction over Petitioner's case under 18 U.S.C. §

3231, and any challenge to the constitutionality of § 3231 would be frivolous. Therefore, Petitioner's counsel's performance was not deficient for failing to challenge the Court's jurisdiction over Petitioner's criminal case. See Boag v. Raines, 769 F.2d 1341, 1344 (9th Cir. 1985) ("Failure to raise a meritless argument does not constitute ineffective assistance."). Accordingly, Petitioner has failed to allege a claim for ineffective assistance of counsel, and his sole ground for relief in the Petition is **DENIED**.

## CONCLUSION

For the reasons above, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. The Court also denies a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

**Dated:** August 21, 2012

*[signature]*

**IRMA E. GONZALEZ**
**United States District Judge**