# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NAJIMIAS-NACACH, a/k/a David Herrera-Roman,<br><br>                    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | CASE NO. 11-CR-225-IEG<br>Related Case: 12-CV-2012-IEG<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER ON MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255**<br><br>[Doc. No. 46] |

      Presently before the Court is the motion of Petitioner David Najimias-Nacach ("Petitioner"), a federal inmate proceeding *pro se*, for reconsideration of the Court's order on his motion to vacate pursuant to 22 U.S.C. § 2255. [Doc. No. 46.] On August 18, 2012, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, seeking relief based on a claim of ineffective assistance of counsel in violation of his Sixth Amendment rights. [Doc. No. 43.] On August 21, 2012, the Court denied Petitioner's motion. [Doc. No. 44.] On October 10, 2012, Petitioner filed the present motion. [Doc. No. 46.]

      Petitioner moves for relief pursuant to Federal Rule of Civil Procedure 60(b)(6). [Doc. No. 46.] Rule 60(b)(6) provides that "the court may relieve a party . . . from a final . . . order" for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "[A] movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment."

1 | Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (quoting Ackermann v. United States, 340 U.S. 193, 199 (1950)). "Such circumstances will rarely occur in the habeas context." Gonzalez, 545 U.S. at 535.

Petitioner first argues in his motion for reconsideration that the Court "should have required the Government to show cause why the writ should not issue." [Doc. No. 46 at 2.] "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28. U.S.C. § 2255. In his motion to vacate, Petitioner alleged ineffective assistance of counsel because his counsel did not challenge the constitutionality of 18 U.S.C. § 3231, which provided the Court with jurisdiction over his criminal case. The Court in its order denying Petitioner's motion to vacate held that it did have jurisdiction over Petitioner's criminal case and found his claim that 18 U.S.C. § 3231 is unconstitutional to be "frivolous." [Doc. No. 44 at 4.] Because the motion to vacate conclusively showed that Petitioner is entitled to no relief, the Court did not err by issuing an order on Petitioner's motion without requiring the Government to show cause. Therefore, the Court finds that not requiring the Government to show cause is not an extraordinary circumstance to justify relief under Rule 60(b)(6).

Petitioner then argues that there has been a "shift in the law" regarding the jurisdiction of district courts over criminal cases. [Doc. No. 46 at 2.] The Court finds that the cases cited by Petitioner do not demonstrate a change in the law regarding the jurisdiction of district courts over criminal cases. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998); Romero v. Int'l Terminal Operating Co., 358 U.S. 354 (1959).

He also requests that the Court take judicial notice of two Courts of Appeals cases, United States v. Compton, No. 11-4657, 2012 WL 3668014 (4th Cir. August 28, 2012) and United States v. Gonzalez-Arenas, No. 11-1322, 2012 WL 4076143 (10th Cir. Sept. 18, 2012), because the "pro se supplemental briefs" raise "the lack of the district courts' of the United States criminal subject-matter jurisdiction." [Doc. No. 48 at 2.] The Court takes judicial notice of these cases as they are matters of public record. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001)

(permitting courts to take judicial notice of matters of public record). In Compton, the Fourth Circuit found "Compton's challenge to the district court's jurisdiction to be without merit." Compton, 2012 WL at *1. In Gonzalez-Arenas, the Tenth Circuit found the argument that the district court lacked jurisdiction to be "frivolous." Gonzalez-Arenas, 2012 WL at *1. The Court finds that the fact that there is other litigation occurring where a party has raised the issue of the jurisdiction of district courts over criminal cases, especially in light of the circuit courts' determinations that this argument is meritless, is not an extraordinary circumstance justifying relief under Rule 60.

Giving *pro se* Petitioner the "the benefit of any doubt," Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), the Court also considers his motion for reconsideration under Rule 59(e). Reconsideration under Rule 59(e) "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). The Court's order denying Petitioner's motion to vacate was filed on August 21, 2012. [Doc. No. 44.] The Court filed Petitioner's motion for reconsideration *nunc pro tunc* on October 3, 2012. [Doc. No. 46.] Because Petitioner's motion was filed later than 28 days after the entry of judgment, the Court finds that he is not entitled to relief under Rule 59(e).

In conclusion, the Court finds that there is no basis for reconsideration, and **DENIES** Petitioner's motion.

**IT IS SO ORDERED.**

**Dated:** November 26, 2012

**IRMA E. GONZALEZ**
**United States District Judge**